UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAREN LYNN FOLEY,

                        Plaintiff

    v.                                           5:08-CV-1156
                                                 GTS/GJD

COVIDIEN, INC., et al,

                        Defendants.
_____

KAREN LYNN FOLEY, Plaintiff *Pro Se*

## REPORT and RECOMMENDATION

This case was filed in the Northern District of New York on October 27, 2008 by *pro se* plaintiff Karen Lynn Foley. (Dkt. No. 1). Plaintiff paid the filing fee and was given a copy of the Northern District's "Pro Se Handbook." (Text Order of 10/28/08). The Clerk issued summonses for the three defendants. *Id.* The Clerk scheduled an initial scheduling conference for February 12, 2009 in Syracuse, New York, and pursuant to General Order 25, ordered plaintiff to submit a proposed Case Management Plan by February 2, 2009. (Dkt. No. 2).

On January 29, 2009, the docket did not show any service of process on any of the defendants. On January 29, 2009[1], this court cancelled the February 12, 2009 scheduling conference. (Dkt. No. 3). The court also ordered plaintiff to serve the complaint on defendants by February 24, 2009. *Id.* The January 29, 2009 order advised plaintiff that if she needed additional time to serve process, she should ask the court for an extension of time prior to the February 24, 2009 deadline. *Id.*

---

[1] The court's order was signed on January 29, 2009, but the docket sheet shows that the order was filed on January 30, 2009. (Dkt. No. 3).

As of March 23, 2009, plaintiff had still not served the complaint, and on June 1, 2009, this court ordered the plaintiff to appear in Syracuse, New York to determine the status of this case, and to find out more about the claims in this case. (Dkt. No. 4). Unfortunately, the *pro se* plaintiff did not appear on June 23, 2009.

A review of the complaint shows that plaintiff is making a products liability claim against the defendant corporations. According to the complaint, plaintiff had surgery in *New York City* on October 27, 2005 and alleges that a medical device broke in half, "dramatically" prolonging the surgery. (Compl. ¶ 6). Plaintiff alleges that as a result of the "product malfunction" and prolonged surgery, she suffered pain and injuries, some of which "may be permanent in nature". (Compl. ¶ 11).

Jurisdiction for this complaint is apparently based upon diversity of citizenship. Plaintiff is a Pennsylvania resident and the complaint lists addresses for each defendant corporation, two corporations in Massachusetts and one in Connecticut. Plaintiff's surgery was in New York City, in the Southern District of New York. The venue statute provides that a civil action, wherein jurisdiction is based only on diversity may only be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). A review of the plaintiff's complaint shows that since all defendants do not "reside" in the same state, the appropriate judicial district for this

action is the Southern District of New York, where "a substantial part of the events or omissions giving rise to the claim occurred." Since plaintiff's surgery occurred in New York City, clearly all the witnesses and all the relevant information regarding the event are located in New York City. There is **no nexus** to the Northern District of New York, and thus, **venue is improper in this court.**[2]

When a plaintiff files an action in the wrong district, the court shall either dismiss the action or in the interest of justice, the court may transfer the action to the appropriate court. 28 U.S.C. § 1406(a). A court may transfer a case *sua sponte* pursuant to either section 1404(a) or 1406(a). *Pisani v. Diener*, No. 07-CV-5118, 2009 U.S. Dist. LEXIS 21352, *32-34 (E.D.N.Y. March 17, 2009)(citing *inter alia Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979)). The Second Circuit has held that a "compelling reason" for transfer is if plaintiff would be barred by the statute of limitations from refiling in the appropriate forum. *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005).

A review of the complaint in this case shows that plaintiff's surgery took place on October 27, 2005. In New York, the statute of limitations for personal injury actions is **three years**. N.Y. CIV. PRAC. L. & R. § 214(5). Plaintiff filed her complaint on October 27, 2008, **exactly three years** from the date of the surgery. Thus, if this court dismissed plaintiff's action, it is likely that she would be time-barred from

---

[2] The court notes that plaintiff lives in Pennsylvania, near the New York border and Binghamton, New York. It is possible that plaintiff filed the action in the Northern District because the Binghamton federal court was the most convenient to plaintiff's home.

pursuing this action in the appropriate court. Thus, rather than recommending dismissal, this court will recommend that this case be transferred to the Southern District of New York, the federal judicial district where plaintiff alleges the surgery occurred.[3] The court is also concerned that plaintiff still has not served the complaint in this action. Plaintiff must serve the complaint as soon as possible.

**WHEREFORE**, based on the findings above, it is hereby

**RECOMMENDED**, that this case be **TRANSFERRED** from the Northern District of New York to the **SOUTHERN DISTRICT OF NEW YORK**, the district where plaintiff had surgery in October of 2005.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Date: June 29, 2009

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[3] The court is concerned that plaintiff still has not served the complaint in this action. Plaintiff must serve this complaint as soon as possible after this case is transferred.