UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAREN LYNN FOLEY,

                        Plaintiff,

v.                                                 5:08-CV-1156
                                                 (GTS/GJD)

COVIDIEN, INC.; SWD HOLDINGS, INC.;
and TYCO HEALTHCARE GROUP, LP,
SWD Holding, Inc. 1

                        Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

KAREN LYNN FOLEY
  Plaintiff, *Pro Se*
P.O. Box 1108
Scranton, PA 18501

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently pending in this personal injury action filed by Karen Lynn Foley ("Plaintiff") is Chief United States Magistrate Judge Gustave J. DiBianco's Report-Recommendation of June 29, 2009, recommending that this action be *sua sponte* transferred to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).  (Dkt. No. 5.) Plaintiff has filed no Objections to the Report-Recommendation.  For the reasons set forth below, Magistrate Judge DiBianco's Report-Recommendation is adopted in its entirety, and this action is transferred to the Southern District of New York.

**I.     STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**II.    ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge DiBianco's Report-Recommendation, and no Objections having been submitted to the Report-Recommendation, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous. As a result, the Court accepts and adopts the Report-Recommendation in its entirety, for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk of this Court shall **TRANSFER** this action to the **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**; and it is further

**ORDERED** that, pursuant to Rule 83.6(a) of the Local Rules of Practice for this Court, **TEN (10) DAYS** after the date of the filing of this Decision and Order, the Clerk of this Court shall mail to the Clerk of the United States District Court for the Southern District of New York certified copies of this Order, the docket entries in this case, and the originals of all papers on file in this case except for this Order.

Dated: July 21, 2009
         Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge